UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARCUS BAKER,

    Plaintiff,

v.

MATCH GROVE, INC., et al.,

    Defendants.

No. 22 CV 6924

Judge Manish S. Shah

MEMORANDUM OPINION AND ORDER

Plaintiff Marcus Baker used the dating sites OKCupid and Tinder. Baker uploaded images of himself to the sites, from which defendants used, collected, and stored his biometric data. Alleging that defendants violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.*, Baker filed a demand for arbitration. Rather than arbitrate the dispute, however, defendants chose to proceed in small claims court pursuant to an exception in the parties' arbitration agreements. Baker sued defendants in the Circuit Court of Cook County, and defendants removed the case to federal court. Defendants move to dismiss the action in favor of small claims court or, alternatively, to transfer the case to the United States District Court for the Northern District of Texas. The motion to dismiss is denied, but the case is transferred to the Northern District of Texas.

I.    **Legal Standards**

For convenience and in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought or to any district

to which all parties have consented. *See* 28 U.S.C. § 1404(a); *In re Ryze Claims Solutions, LLC*, 968 F.3d 701, 707–08 (7th Cir. 2020). Alternatively, federal courts can dismiss a case in favor of a state court that is both adequate and available under the common law doctrine of *forum non conveniens*. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429–30 (2007); *Instituto Mexicano del Seguro Social v. Zimmer Biomet Holdings, Inc.*, 29 F.4th 351, 357–61 (7th Cir. 2022). Under either § 1404(a) or the common law approach, the court weighs private and public interests to decide where a case should be litigated. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 718 (7th Cir. 2002) (discussing *forum non conveniens*); *Ryze Claims*, 968 F.3d at 707–08 (discussing § 1404(a)). When a forum-selection clause governs the dispute, the party opposing the forum-selection clause "bears the burden of establishing that the transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. of Texas*, 571 U.S. 49, 63 (2013).

## II.  Background

Baker used OKCupid and Tinder. [1-1] at 103, ¶ 203.[1] He created his Tinder account in 2016, and joined OKCupid in 2018. *Id.* Baker uploaded photographs of himself to both sites. *Id.* at 104, ¶ 204. Defendants analyzed Baker's images, collecting scans of his face and related data, such as his gender, age, race, and

---

[1] Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the original complaint and attachments to the complaint, [1-1], which were filed along with defendants' notice of removal. [1]. This court has jurisdiction because the putative class size is at least 100, Baker is a citizen of Illinois, defendants are citizens of Delaware, Texas, and New York, and the amount in controversy exceeds $5,000,000. *See id.* ¶¶ 12–19; 28 U.S.C. § 1332(d).

2

location. *Id.* at 104, ¶ 210. Defendants didn't tell Baker about their use of his information, never asked for permission, and never advised Baker of any policy about their use of his data. *See id.* at 104, ¶¶ 205–209. Baker alleges that defendants violated BIPA, and seeks damages in excess of $20,000 and injunctive relief. *See id.* at 22–23, 110–11, 113–14, ¶¶ 39, 41, 227, 236.

To create his accounts, Baker agreed to terms of service with Tinder and OKCupid. *See* [1-1] at 103–04, ¶ 203. Baker promised to arbitrate claims against defendants, and waived the right to file a class action. *See id.* at 144–45 (OKCupid agreement), 166–69 (2021 Tinder agreement), 1344–52 (2022 Tinder agreement).[2] The arbitration clauses in the agreements included an exception: either party had the right to bring an individual claim against the other in small claims court or, if the dispute was filed in arbitration, the responding party could request that the dispute proceed in small claims court. *See id.* All claims that couldn't be brought in small claims court and weren't submitted to arbitration would be litigated in the federal or state courts in Dallas County, Texas. *See id.* at 145–46, 170, 1352–53.

Plaintiff filed a demand for arbitration. *See* [1-1] at 19, ¶ 30; *id.* at 386–91. Defendants elected to proceed in small claims court pursuant to the exception in the parties' arbitration agreements, and the arbitrator closed plaintiff's arbitration. *See*

---

[2] There's a dispute about which version of the Tinder terms applies to Baker's claims. *See* [18] at 5 n.4; [24] at 16. But both of the versions at issue include an arbitration clause with an exception for small claims court election by either party, a residual forum-selection clause choosing the federal or state courts of Dallas County, Texas, and a choice-of-law provision selecting Texas law. *See* [1-1] at 166–70, 1344–53. Given these similarities, at this point there's no need to decide which of the Tinder agreements applies to Baker's claims.

3

*id.* at 20–22, ¶¶ 33, 38; *id.* at 944–51. Plaintiff filed suit in the Circuit Court of Cook County, *see id.* at 7–117, and defendants removed the case to this court. *See* [1].

### III. Analysis

Defendants want to litigate this case either in small claims court or in the Northern District of Texas. *See* [18] at 8–14. Baker argues that the case should stay here because defendants waived their right to arbitration and breached the arbitration agreement, the small claims courts in Illinois and Texas aren't available or adequate for his suit, and because the balance of private and public interest factors favors Illinois, rather than Texas. *See* [24] at 9–23.

Baker's claims are governed by Tinder's and OKCupid's terms and services agreements. *See* [1-1] at 17, 103–04, ¶¶ 20, 203. Those agreements say that defendants have the right to choose small claims court, rather than arbitration. *See id.* at 144–45, 166–69, 1344–45. The parties' arbitration agreements—and the exceptions for small claims court litigation—are a type of forum-selection clause. *See Jackson v. Payday Fin., LLC*, 764 F.3d 765, 773 (7th Cir. 2014) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 630–31 (1985) and *Sherwood v. Marquette Transp. Co.*, 587 F.3d 841, 844 (7th Cir. 2009)). As the party opposing dismissal in accordance with that forum selection, Baker bears the burden of showing that dismissal isn't warranted. *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. of Texas*, 571 U.S. 49, 63 (2013).

Baker argues that defendants' small claims court election is unenforceable because defendants breached the duty of good faith and fair dealing. *See* [24] at 13–

14. According to plaintiff, defendants breached their agreement by (1) electing to close the arbitration in favor of small claims court even though defendants knew that court lacked jurisdiction, and (2) unilaterally making changes to the terms of service to include additional pre-suit requirements. *See id.* at 13. But the fact that defendants knew Baker sought certain remedies in arbitration doesn't mean they knew that small claims courts couldn't hear his case. *See* [1-1] at 20–21, ¶ 33. And while defendants issued revised terms of service for Tinder while Baker's arbitration was pending, that doesn't show that they breached any agreement with him. *See id.* at 19, 25, ¶¶ 27–28, 54–62. Baker cites no authority in support of these theories of breach, and waived these undeveloped arguments. *See* [24] at 13; *Argyropoulos v. City of Alton*, 539 F.3d 724, 738 (7th Cir. 2008) (citations omitted) (finding that a perfunctory and undeveloped argument was waived).[3]

While defendants didn't breach their agreements, there are two problems with sending Baker's claims to small claims court. First, these alternative fora aren't adequate. *See Instituto Mexicano del Seguro Social v. Zimmer Biomet Holdings, Inc.*,

---

[3] Whether defendants waived their right to arbitrate this dispute is beside the point, and doesn't need to be decided now. Defendants invoke the Federal Arbitration Act's policy in favor of arbitration, *see* [18] at 8–9, but they aren't asking to compel arbitration. Instead, they want to litigate the merits of this dispute in a court. *Cf. Jolly v. Intuit*, 485 F.Supp.3d 1191, 1206 (N.D. Cal. 2020) (finding that a state court suit was brought "in aid of arbitration" when it sought declaratory relief that would guide arbitration proceedings, not a decision on the merits). Even if defendants have waived their right to arbitrate the dispute, that wouldn't be a reason to not enforce the agreements' alternative forum selection of small claims court. A waiver of an arbitral forum is not necessarily a waiver of every part of an arbitration agreement. *See also Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.*, 660 F.3d 988, 994 (7th Cir. 2011); *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 390–91 (7th Cir. 1995); *Epic Systems Corp. v. Lewis*, 138 S.Ct. 1612, 1626 (2018) (noting that contracting parties may depart from the usual rules "in favor of individualized arbitration procedures of their own design").

29 F.4th 351, 358–59 (7th Cir. 2022); *Deb v. SIRVA, Inc.*, 832 F.3d 800, 807 (7th Cir. 2016). Baker is seeking at least $20,000 in damages and injunctive relief. *See* [1-1] at 21–23, 110–14, ¶¶ 33, 39, 41–42, 227, 236. But neither the small claims courts in Texas nor in Illinois can issue damages in that amount, or injunctive relief of the kind Baker seeks. *See* Ill. Sup. Ct. R. 281 (defining a small claim as "a civil action based on either tort of contract for money not in excess of $10,000, exclusive of interest and costs"); *Hill v. Abou-Jabal*, 2019 IL App (5th) 180213-U, ¶ 23; Tex. R. Civ. P. 500.3 (limiting small claims to $20,000 or less, excluding interest and costs but including attorney's fees); *Smale v. Wood Cnty.*, No. 12-21-00192-CV, 2022 WL 1286562, at *2 (Tex. App. Apr. 29, 2022) (citations omitted) (noting that "[u]nless expressly authorized by the Legislature," Texas small claims courts "do not have jurisdiction to issue writs of injunction"); Tex. Const. art. 5, § 19.[4] There's also some reason to believe that small claims courts won't have jurisdiction over any of plaintiff's claims. *See* Ill. Sup. Ct. R. 281 (small claims are those "based on either tort or contract"); *Dew-Becker v. Andrew Wu*, 2017 IL App (1st) 161383-U, ¶ 11. *But see Hill*, 2019 IL App (5th) 180213-U, ¶ 25. If Baker is unable to litigate any of his claims,[5] that would

---

[4] One of the terms and services agreements requires that Baker bring his claims in small claims court in the county in which he resides or in Texas. *See* [1-1] at 145. The other two agreements do not include that limitation. *See* [1-1] at 166, 170, 1345, 1352–53. The parties only address dismissal in favor of small claims courts in Illinois and Texas, *see* [18] at 2; [24] at 15–21, and so I do not consider other possibilities.

[5] Defendants argue that the small claims courts should decide their own jurisdiction, but comity principles don't bar an inquiry into another court's availability and adequacy under *forum non conveniens*. *See Instituto Mexicano del Seguro Social v. Zimmer Biomet Holdings, Inc.*, 29 F.4th 351, 357 (7th Cir. 2022) (quoting *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007)). Other than pointing out that Baker's damages should not be aggregated with other prospective class members', defendants make no

be no remedy at all, making small claims courts an inadequate alternative forum. *See Instituto Mexicano*, 29 F.4th at 358 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)).

The second problem with sending this case to small claims court is that such a dismissal would force Baker to give up his right to injunctive relief under BIPA. An arbitration agreement cannot require a party to forgo substantive statutory rights. *See Vega v. New Forest Home Cemetery, LLC*, 856 F.3d 1130, 1133 (7th Cir. 2017) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). And the small-claims provision is a part of the arbitration agreements. *See* [1-1] at 144–45, 166–67, 1345.[6] It is unenforceable as applied to Baker's BIPA claims. Besides the exception to the arbitration agreements, defendants make no argument as to why this case should be in small claims court. *See id*.

Dismissal in favor of small claims court isn't appropriate. But in their contracts, the parties agreed that this case could have been brought in the Northern District of Texas. The terms and services agreements all chose the federal or state

---

argument and cite no authority as to how any small claims court has jurisdiction over Baker's individual case, which is for at least $20,000 and injunctive relief. *See* [26] at 21–23 & n.8.

[6] Even if the small claims exception is a forum-selection clause (and not part of the arbitration agreement), it would be unenforceable—in contravention of Illinois's strong public policy—if used to bar plaintiff from asserting his right to injunctive relief under BIPA. *See Jackson v. Payday Fin., LLC*, 764 F.3d 765, 776 (7th Cir. 2014) (quoting *Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 160 (7th Cir. 1993)); *see also E & J Gallo Winery v. Morand Bros. Beverage Co.*, 247 F.Supp.2d 973, 977–78 (N.D. Ill. 2022) (citations omitted). That Baker may be unable to bring his BIPA claims at all in small claims court (see above at 6–7) also means that this provision, if construed as a forum-selection clause, would be unenforceable because the forum in question doesn't exist. *See Jackson*, 764 F.3d at 776–777 (finding that enforcement of a forum-selection clause was unreasonable when litigating in a chosen forum would effectively deprive a party of its day in court).

courts of Dallas County, Texas, as the forum for claims that could not be properly brought in a small claims court. *See* [1-1] at 145–46, 170, 1352–53. This provision is a valid forum-selection clause.[7] To protect the parties' legitimate expectations, the choice of Texas courts should be "given controlling weight in all but the most exceptional cases." *See Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. of Texas*, 571 U.S. 49, 63 (2013) (citation omitted). The forum-selection clause alters the usual analysis under 28 U.S.C. § 1404(a): Baker's choice of forum is given no weight, he bears the burden of showing that transfer in accordance with the agreement is unwarranted, and arguments about the parties' private interests are disregarded. *See id.* at 63–64; *Mueller v. Apple Leisure Corp.*, 880 F.3d 890, 894 (7th Cir. 2018).

Considering the public interest, it's reasonable to infer that Baker's claims arise from conduct in this state, and that an Illinois court would be more familiar with BIPA. *See* [1-1] at 103–04, ¶¶ 203–04. But Texas law governs the contracts, and familiarity with the law isn't decisive, because federal judges routinely apply rules from another state. *See Atlantic Marine*, 571 U.S. at 67. Baker makes no argument that that any particular witness would be burdened by the transfer, that the Northern District of Texas is more congested than this court, or (relatedly) that his case would proceed to trial slower in that court. *See* [24] at 22–23. While some factors

---

[7] Baker argues that this part of the contracts is unenforceable because defendants breached their agreements, *see* [24] at 21–22, but (as discussed above) there's nothing to show that defendants violated the contracts. Baker makes no argument as to why this forum-selection clause is otherwise invalid or unenforceable.

8

support retaining jurisdiction, this isn't an exceptional case when the parties' chosen forum shouldn't control. *See In Re Ryze Claims Solutions, LLC*, 968 F.3d 701, 708 (7th Cir. 2020) (citation omitted).

### IV.   Conclusion

Plaintiff has shown that small claims court isn't the right place for this case. But Baker and defendants agreed to litigate claims outside of arbitration or small claims court in Texas, and defendants are entitled to that agreed-upon forum. The motion to dismiss is denied. The motion to transfer is granted. The Clerk shall transfer this case to the United States District Court for the Northern District of Texas, Dallas Division.

ENTER:

Date: May 31, 2023

Manish S. Shah
U.S. District Judge

9