UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS BAKER, | |
| Plaintiff, | |
| v. | No. 22 CV 6924 |
| MATCH GROUP, INC., MATCH GROUP, LLC, HINGE, INC., HUMOR RAINBOW, INC., PEOPLE MEDIA, INC., and AFFINITY APPS, LLC. | Judge Manish S. Shah |
| Defendants. | |

MEMORANDUM OPINION AND ORDER

In an earlier order, I denied defendants' motion to dismiss plaintiff Marcus Baker's claims for *forum non conveniens* but transferred this case to the Northern District of Texas. [27].[1] Defendants now move for reconsideration under Federal Rule of Civil Procedure 59(e).

I.   **Legal Standards**

Granting a motion under Rule 59(e) is extraordinary relief, appropriate when a moving party clearly establishes that the court committed a manifest error—factual or legal—or that newly discovered evidence precluded entry of judgment. *Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021) (quoting *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015)) (citing *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013)). A manifest error of law is the "wholesale disregard,

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. When a document has numbered paragraphs, I cite to the paragraph, for example [1] ¶ 1.

misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). A motion for reconsideration is "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (quoting *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)); *Barrington Music Prods., Inc. v. Music & Arts Cntr.*, 924 F.3d 966, 968 (7th Cir. 2019).

## II. Analysis

I assume familiarity with the earlier order transferring this case. Defendants argue that I made five manifest errors of law in that order: (1) the prior order is an impermissible advisory opinion; (2) I improperly dismissed the parties' delegation of jurisdictional analysis to the small claims court; (3) I failed to enforce the JAMS order; (4) I improperly found that Illinois small claims courts did not have jurisdiction over Baker's claims; and (5) I did not apply the proper presumption under *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49 (2013). [31].

### A. Advisory Opinion

Defendants argue that my decision that Illinois and Texas small claims courts did not have jurisdiction over Baker's claims (and therefore were not an available forum for the claims) was an advisory opinion, in violation of the Constitution's case or controversy requirement. [31] at 2. According to defendants, in finding small claims courts are inadequate, but without an actual small-claims complaint, I had to

2

speculate as to what Baker would have alleged, where the claims would be filed, and what the small claims court would decide. [31] at 3. But my order did not "construe a hypothetical small claims complaint that may never come to pass" as defendants characterize it. [31] at 4. Rather, it decided a motion to dismiss on *forum non conveniens* grounds and applied that judicial doctrine to the specific, detailed set of non-hypothetical allegations in the form of Baker's actual complaint.

Defendant's reliance on *Basic v. Fitzroy Engineering, Ltd.*, 949 F.Supp. 1333 (N.D. Ill. 1996) is misplaced. In *Basic*, the court was asked to prematurely declare a judgment of a foreign court null and void, when the judgment had not even been made. *Id.* at 1337–38. In declining to do so, the court pointed out multiple contingencies inherent to the request—the foreign action would have to survive dismissal, proceed to judgment, etc. *Id.* at 1338. No such contingencies exist here. The prior order only addressed the concrete question of whether small claims courts in Illinois or Texas would have jurisdiction over Baker's articulated claims. That question was raised within the parties' dispute over the convenience of different fora.

Defendants also argue that it was improper to determine whether small claims courts have jurisdiction based on Baker's complaint because that complaint has never been submitted to JAMS and has never been the subject of a small claims court election by defendants. [35] at 3. But defendants did not move to compel arbitration; instead, they moved to dismiss. *See* [18] at 11–12 (arguing that Baker's claims should not and could not be compelled back to arbitration). Rule 59(e) does not permit a party

3

to introduce arguments that could and should have been made prior to judgment, or to undo its own procedural failures. *Barrington Music*, 924 F.3d at 968.

### B. Parties' Delegation of Jurisdictional Analysis

Defendants argue that I did not consider that the ADR agreements delegated the question of jurisdiction to small claims courts themselves. [31] at 4. But defendants did not make this argument in support of their prior motion.[2] This argument could and should have been made before I rendered judgment, and therefore is not an appropriate ground for reconsideration. *See Barrington Music*, 924 F.3d at 968.

Further, the defendants offer nothing new to alter my previous determination that comity principles permit courts to determine whether a proposed alternate forum has jurisdiction. *See* [27] at 6 n. 5 (citing *Instituto Mexicano del Seguro Social v. Zimmer Biomet Holdings, Inc.*, 29 F.4th 351, 357 (7th Cir. 2022)). "When applying *forum non conveniens*, district courts must … determine[e] … whether there is an available adequate alternative forum." *IAC/InterActiveCorp v. Roston*, 44 F.4th 635, 645 (7th Cir. 2022) (citing *Stroitelstvo Bulgaria Ltd. v. Bulgarian–Am. Enter. Fund*, 589 F.3d 417, 421 (7th Cir. 2009)). When parties seeking dismissal in favor of a selected forum "have not established a colorable claim" that jurisdiction exists, the

---

[2] Defendants argue that they made this argument in their motion to dismiss and reply brief. [35] at 4–5 (citing [18] at 5–6, 9–10, 12–13; [26] at 21–22). But defendants only vaguely asserted that the parties agreed jurisdictional questions could not be decided by this court or the chancery court. *See* [26] at 21–22. Defendants did not argue that the parties contractually agreed to a specific delegation, as they argue now.

4

issue of jurisdiction need not be submitted to the proffered forum in the first instance. *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 768, 783–84 (7th Cir. 2014).

### C. JAMS Order

Defendants argue that the JAMS's administrative decision closing Baker's arbitration constituted a "binding step in the arbitral process" that I was required to enforce. [31] at 7–8. Defendants never made this argument in support of their motion to dismiss. There was nothing preventing them from doing so, and therefore, this is inappropriate grounds for reconsideration. *Barrington Music*, 924 F.3d at 968.

Even considering the merits of this argument, defendants have not presented a manifest error of law warranting reconsideration. The JAMS decision was limited to whether JAMS had any jurisdiction to evaluate small claims jurisdiction following defendants' election of small claims court. [31-3] at 1. The JAMS Order stated, "If these disputes may proceed in small claims court, then JAMS has no jurisdiction as a threshold matter …. Therefore, a small claims court must determine whether it has jurisdiction before JAMS may proceed." *Id.* JAMS accordingly closed the arbitrations. [31-3] at 2. While the JAMS Order stated that it could not determine small claims court jurisdiction, it did not order Baker to file his complaint in the small claims court as defendants argue.

### D. Small Claims Court Jurisdiction

Defendants argue that I incorrectly stated that they made no argument as to why this case should be in small claims court. [31] at 10. But defendants only cite to letters to JAMS that they attached to their motion to dismiss. [31] at 10 (citing [1-1]). Merely referencing arguments presented elsewhere is not sufficient to put those

5

arguments before the court. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. Especially not when the brief presents a passel of other arguments .... Judges are not like pigs, hunting for truffles buried in briefs."); *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) ("[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."). Defendant's belated substantive challenge is inappropriate for reconsideration. *See Barrington Music*, 924 F.3d at 968.

Even considering these ill-timed arguments, the result is the same. Defendants first argue that small claims courts can issue injunctive relief. [31] at 11. But as I previously held, the small claims courts in Illinois cannot issue "injunctive relief of the kind Baker seeks." [27] at 6. While defendants cite to case law showing that Illinois small claims courts may be empowered to provide some limited forms of injunctive relief, [31] at 11–12, defendants have not presented case law showing that small claims courts can provide large-scale injunctive relief such as the broad, prospective injunction Baker requests. [1-1] at 111.

Defendants also argue that Baker's claims fall within the small claims court's jurisdictional limit. [31] at 13–15. Illinois Supreme Court Rule 281 defines small claims as "a civil action based on either tort or contract for money not in excess of $10,000, exclusive of interest and costs." As noted in my prior opinion, Baker is seeking at least $20,000 in damages and injunctive relief. [27] at 6 (collecting record references). Defendants argue that this number is much smaller, citing to out-of-date

6

case law and asking me to adopt an understanding of BIPA that is not supported. [31] at 13–15. Defendants do not present any new arguments that demonstrates an error of law.

Defendants also argue that I erred in observing that Baker's claims might be outside a small claims court's scope. [31] at 15–16. But defendants present no new case law or argument that demonstrates this is an error of law.

None of defendants' arguments regarding my finding that the Illinois small claims courts do not have jurisdiction over Baker's claims establish that I committed a manifest error of law that warrants Rule 59(e) relief.

### E.    *Atlantic Marine* Presumption

Defendants argue that I failed to afford the small claims court forum selection provision extreme deference, as required by *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49 (2013). [31] at 8. In *Atlantic Marine*, the Supreme Court held that forum-selection clauses should be enforced where the public interest favors enforcement. 571 U.S. at 64. "[T]he practical result is that forum-selection clauses should control except in unusual cases." *Id.*

But *Atlantic Marine*'s requirement to transfer a case to the forum specified in the clause "presupposes a contractually valid forum-selection clause." 571 U.S. at 62 n. 5. A forum selection clause that designates "courts [that] do not have jurisdiction over the Plaintiffs' claims" are not contractually valid and cannot be enforced. *See Jackson*, 764 F.3d at 782. As I previously held, small claims court is an inadequate forum for Baker's claims. [27] at 6–7. Therefore, *Atlantic Marine* does not require a different result.

7

## III. Conclusion

Defendants' motion for reconsideration, [31], is denied. The temporary stay of the transfer order, [30], is lifted, and the Clerk may proceed to transfer the case to the United States District Court for the Northern District of Texas, Dallas Division.

ENTER:

                                                Manish S. Shah
                                                United States District Judge

Date: November 28, 2023