IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS BAKER, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:23-CV-02761-N- |
| MATCH GROUP INC., *et al.*, | § § § | |
| Defendants. | § § § § § | |

## JOINT STATUS REPORT

Pursuant to the Court's December 28, 2023 Order (ECF No. 41), Plaintiff Marcus Baker ("Plaintiff"), by and through his counsel, and Defendants Affinity Apps LLC; Hinge Inc.; Humor Rainbow, Inc.; Match Group, Inc.; Match Group LLC; and People Media, Inc. (collectively "Defendants"), by and through their counsel, jointly submit the following:

**A.      Nature of the Case**

     **1.      Plaintiff's Position**

On October 21, 2022, Plaintiff Marcus Baker, individually and on behalf of persons similarly situated, filed a class action lawsuit against Defendants. Plaintiff was forced to file this lawsuit after Defendants refused to arbitrate with potential claimants despite Defendants' own ADR provisions which called for these claims to be resolved in arbitration.

The operative complaint (ECF No. 1) alleges that Defendants surreptitiously collected, used, stored, and disclosed sensitive biometric data from Plaintiff and the proposed class in direct violation of Illinois' Biometric Information Privacy Act ("BIPA"). Defendants operate some of the largest dating websites and mobile apps, including Affinity Apps, LLC ("Affinity"), a mobile

app developer and the operator of BLK, and Chispa mobile dating apps, Match.com, OkCupid, Hinge, PlentyofFish, OurTime, and Tinder (collectively, "Dating Sites"), accounting for more 60% of the online dating market share. As the leading providers of dating sites globally, Defendants conduct (in violation of BIPA) is widespread, impacting 21 million users across 24 countries. Plaintiff and the Class seek to recover for Defendants' violations of their biometric privacy under BIPA.

## 2. Defendants' Position

This litigation started in 2021 when Plaintiff's law firm, Labaton Keller Sucharow LLP ("Labaton"), threated to file thousands of arbitration demands against Defendants, seeking to leverage the millions of dollars that Defendants would have to pay in initial JAMS' filing fees ($1,500 for each claimant) into a settlement regardless of the claims' lack of merit. The premise was the same then as it is now. Lacking actual facts, Plaintiff speculates that Defendants engage in myriad surreptitious activities using facial and voice recognition technologies across various dating sites, including sites Plaintiff never used. For example, Plaintiff claims in 2013, Yahoo! assigned Match.com, LLC a patent for "face search" technology that allegedly matches users based on facial characteristics extracted from dating-profile photos. Plaintiff contends that because Defendants' affiliate owns the "face search" patent, Defendants surely must be using it across all of their independently operated dating sites—despite the fact that *none* of the dating sites offers any "face search" feature. Similarly, Plaintiff argues a single sentence in the specification of one of Match Group, LLC's patents stating that dating sites *may* use facial recognition in their matching algorithm means that Tinder *is* using facial recognition in this manner. Such allegations are entirely specious. Defendants explained to Labaton that it never deployed this technology—and that it would have been apparent if they had—and rejected Labaton's demands. Labaton proceeded to file seventy-five meritless individual arbitrations in JAMS (including on behalf of Plaintiff),

and promised to file thousands more if Match did not settle to avoid the costs of defending each arbitration.

In JAMS, Defendants invoked their rights under the parties' Alternative Dispute Resolution agreement ("ADR Agreement") to send the matters to small claims court. After substantial letter briefing, JAMS determined that Match's election was proper, closed the arbitrations, and ordered Labaton to refile the individual claims in small claims court to enable the small claims court to determine whether it had jurisdiction. Instead, Plaintiff filed a putative class action in the Chancery Court of Cook County, Illinois. Defendants removed the action to the District Court for the Northern District of Illinois, which transferred it here.

This case is rife with procedural and substantive defects. For example, Plaintiff brings a putative class action in direct contravention of the ADR Agreement's prohibition on class actions. In addition, the Complaint is based on the flawed premise described above—*i.e.*, that a company's ownership of a patent to use a technology means that its affiliates *are* using the technology (despite no obvious signs of any such use). Plaintiff also asserts claims against numerous separately owned and operated dating sites despite alleging he only ever had accounts with Tinder and OKCupid.

At the parties' meet and confer, Plaintiff informed Defendants that he intends to amend the Complaint to add new parties and allegations. Defendants will evaluate these amended pleadings when filed.

**B.     Status of Settlement Discussions**

On December 3, 2021, the parties engaged in a private mediation. The parties were unable to resolve their dispute.

C.   **Joinder of Additional Parties**

    1.   **Plaintiff's Position**

Plaintiff intends to file an amended complaint to include additional plaintiffs whose biometric information was surreptitiously collected via Defendants' other Dating Sites, including Match.com, Hinge, PlentyOfFish, OurTime, BLK, and Chispa Defendants intend to file a second motion to dismiss this case. The parties submit a joint stipulation setting a schedule for the amended complaint and motion to dismiss (filed concurrently).

    2.   **Defendants' Position**

Plaintiff and putative class members signed ADR Agreements that contain numerous provisions affecting the procedural propriety of this lawsuit, including a prohibition on class or consolidated actions, and pre-suit negotiation requirements that must be complied with individually. In addition to complying with the ADR Agreements, any amendment would need to comport with federal rules providing that parties may be joined as plaintiffs only if they seek relief arising out of the same transaction or occurrence, and there are questions of law or fact common to all plaintiffs. Defendants reserve the right to evaluate the propriety of joining new parties after Plaintiff files his amended complaint.

Defendants are amenable to a stipulated schedule for amending the Complaint and the filing of any responsive pleadings.

D.   **Challenges to Jurisdiction or Venue**

    1.   **Plaintiff's Position**

In light of Judge Manish S. Shah's decision on November 28, 2023, Plaintiff does not anticipate any challenges to jurisdiction or venue.

### 2. Defendants' Position

Defendants reserve the right to address jurisdictional and venue challenges upon examination of Plaintiff's amended complaint.

### E. Trial Date and Length of Trial

#### 1. Plaintiff's Position

The parties expect that the case will be ready for trial eighteen (18) months from the date of this filing. Plaintiff estimates the length of a trial by jury to be four (4) weeks.[1]

#### 2. Defendants' Position

Defendants ask the Court to defer setting a trial date until after Plaintiff has amended his pleadings and after this Court has had an opportunity to address Defendants' threshold pleadings and jurisdictional challenges.

### F. Desirability of ADR and Timing for ADR

As stated above, on December 3, 2021, the parties engaged in a private mediation. The parties were unable to resolve their dispute. The parties will revisit ADR or mediation at an appropriate time.

### G. Objections to Rule 26(a)(1) Disclosure

#### 1. Plaintiff's Position

This action is ready proceed in discovery. Plaintiff does not object to providing Rule 26(a)(1) disclosures.[2] Plaintiff respectfully requests that the Court set a discovery schedule pursuant to the Court's recent instructions. ECF No. 41.

---

[1] Plaintiff reserves all rights to modify the discovery schedule and/or length of trial.
[2] Plaintiff reserves all rights with respect to Rule 26(a)(1) disclosures.

**2.     Defendants' Position**

Plaintiff's existing complaint contains numerous procedural and substantive defects that Defendants believe warrant dismissal of all claims.  Based on what Defendants already know about Plaintiff's claims, they anticipate that any amended complaint will be similarly defective.  For these reasons, Defendants' position is that discovery, including Rule 26(a)(1) disclosures, is premature and should be stayed until after the Court rules on Defendants' procedural and substantive challenges to the pleadings.

IT IS SO STIPULATED.

Dated:  January 23, 2024

*/s/ Michael P. Canty*

Michael P. Canty (*pro hac vice*)
Carol C. Villegas (*pro hac vice*)
Danielle Izzo (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com
cvillegas@labaton.com
dizzo@labaton.com

*Counsel for Plaintiff*

Robert M. Hoffman
**DLA PIPER LLP (US)**
1900 N. Pearl Street, Suite 2200
Dallas, Texas 75201
(214) 743-4530

rob.hoffman@us.dlapiper.com

Daniel R. Saeedi (*pro hac vice*)
**TAFT STETTINIUS & HOLLISTER LLP**
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
Telephone: (312) 527-4000
dsaeedi@taftlaw.com

Stephen A. Broome (*pro hac vice*)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
51 Madison Avenue, 22nd Fl.
New York, NY 10010
(646) 431-9439
stephenbroome@quinnemanuel.com

*Counsel for Defendants*