Carol C. Villegas SBN 4154324 (*pro hac vice*)
Michael P. Canty SBN 4271508 (*pro hac vice*)
Danielle Izzo SBN 5957303 (*pro hac vice*)
Gloria J. Medina SBN 6004014 (*pro hac vice*)
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com
cvillegas@labaton.com
dizzo@labaton.com
gmedina@labaton.com

Christian Levis SBN 5153853 (*pro hac vice*)
Margaret MacLean SBN 4588182 (*pro hac vice*)
Amanda Fiorilla SBN 5772033 (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
Fax: (914) 997-0035
clevis@lowey.com
mmaclean@lowey.com
afiorilla@lowey.com

*Attorneys for Plaintiffs and the Proposed Class*

*Attorneys for Plaintiffs and the Proposed Class*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **MARCUS BAKER, EVA ADAMS, JILLIAN ABBINANTI, ANN BRESNEN, and CAROLE BUCHANAN,** individually and on behalf of all others similarly situated, <br><br>           Plaintiffs, <br><br>     - vs – <br><br> **MATCH GROUP, INC., MATCH GROUP, LLC, HINGE, INC., HUMOR RAINBOW, INC., PEOPLE MEDIA, INC., AFFINITY APPS, LLC,** <br><br>           Defendants. | Civil Action No.: 3:23-CV-02761-N <br><br> Hon. David C. Godbey |

# PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION SEEKNG A STAY OF DISCOVERY

Plaintiffs Marcus Baker, Eva Adams, Jillian Abbinanti, Ann Bresnen, and Carole Buchanan (collectively, "Plaintiffs"), respectfully submit this memorandum in opposition to Defendants' Motion to Stay Discovery (ECF Nos. 70-72, the "Motion") filed by Defendants Match Group, Inc., Match Group, LLC, Hinge, Inc., Humor Rainbow, Inc., People Media, Inc., and Affinity Apps, LLC (collectively, "Defendants" or "Match Group Entities").[1]

## I.    INTRODUCTION AND BACKGROUND

This case—which has been pending against Defendants for almost two years—alleges that Defendants violated the Illinois Biometric Information Privacy Act ("BIPA") by extracting Plaintiffs' and Class members' (both Illinois residents) biometric information from photos they uploaded to their dating profiles without their knowledge or consent. *See* 740 ILCS 14/15 et seq. To date, Defendants have not engaged in a single discovery-related task—despite nearly two years having passed since this action was first filed.

Delay has been the name of the game for Defendants, and they have used procedural gamesmanship for the past two years to avoid litigating on the merits, which has resulted in prejudice to Plaintiffs. In 2021, Plaintiffs sought to bring their claims against Defendants in arbitration pursuant to Defendants' own terms of use. ¶¶30-32. Plaintiffs engaged in pre-arbitration and mediation efforts with Defendants for over ten months before filing an individual arbitration demand on April 19, 2022. ¶38. Defendants subsequently waived their right to arbitration. As a result, on October 21, 2022, Plaintiff Marcus Baker filed a class action complaint against Defendants in the Circuit Court of Cook County, Illinois (*Baker v. Match Group, Inc.,* No. 2022CH10435, the "Chancery Case"). On December 9, 2022, Defendants filed a Notice of Removal of the Chancery Case from the Circuit Court of Cook County, Illinois to the Northern District of Illinois. *See* Notice of Removal, *Baker v. Match Group, Inc.* (No. 2022CH10435), ECF

---

[1] Citations to paragraphs ("¶_") are to paragraphs in the Amended Class Action Complaint and Request for Jury Trial filed on February 16, 2024 (ECF No. 60, hereinafter, the "Amended Complaint"). Unless otherwise noted, emphasis is added and internal citations and quotation marks are omitted. "Defendants" collectively refers to Match Group Inc., Match Group LLC, Hinge, Inc., Humor Rainbow, Inc., People Media, Inc., and Affinity Apps, LLC.

No. 1.  On January 13, 2023, Defendants filed a motion for transfer from the Northern District of Illinois to the Northern District of Texas (Defendants' Motion for Transfer to Texas, *Baker v. Match Group, Inc.* (No. 1:22-cv-06924), ECF No. 18), and on November 28, 2023, this case was ordered for transfer to this Court.  *See* ECF Nos. 1, 36-37 (finalizing transfer on December 13, 2023).

With venue finally determined, on February 16, 2024, Plaintiffs filed an Amended Complaint against Defendants.  *See* ECF No. 60.  On April 1, 2024, Defendants filed a motion to dismiss the Amended Complaint (ECF No. 66 ("MTD")) and accompanying memorandum of law (ECF No. 67 ("MOL")), in which Defendants raise several flawed arguments, including (1) that Plaintiffs agreed to the application of Texas law without regard to Texas choice of law rules (they did not); and (2) that Plaintiffs' Amended Complaint fails to state a claim under BIPA—an argument that ignores the pleading standard entirely—and likewise ignores the overwhelming evidence making clear that Defendants violated BIPA.  Plaintiffs filed an opposition to Defendants' flawed MTD and MOL on May 6, 2024, which outlines why Defendants' arguments fail to articulate any basis that would warrant dismissal of Plaintiffs' claims here.  *See* ECF No. 75.

Defendants have avoided addressing their unauthorized collection of biometric information from Illinois residents for two years.  Now, Defendants seek further delay by requesting a stay of all discovery in this case pending the outcome of the MTD.  Defendants requested that this case be litigated in Texas pursuant to their own forum-selection clause and, having landed in one of its desired forums, must now provide discovery in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules.  *See Baker*, No. 1:22-cv-06924, ECF No. 18 at 13-14.

Delay tactics aside, Defendants' Motion fails to demonstrate a need for a discovery stay. Defendants' attempt to fabricate a basis to stay discovery based on a *prior* decision from the Illinois District Court (that *sua sponte* stayed discovery while it contemplated *transfer*) is a red herring. While a stay of discovery may (arguably) have been warranted while the Illinois District Court debated venue, it is certainly not appropriate now that venue has been decided.  Additionally,

Defendants fail to acknowledge that further delay will continue to prejudice Plaintiffs, whereas requiring Defendants to finally face these claims after two years will not impose undue burden or expense.

## II.     APPLICABLE LEGAL STANDARDS

"[C]ontrol of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009).  In seeking a stay, "[t]he burden is upon the movant to show the necessity of [the] issuance [of a stay], which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Venable's Constr., Inc. v. ONEOK Arbuckle II Pipeline, L.L.C.*, 2020 WL 11891326, at *2 (N.D. Tex. Apr. 30, 2020) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).  In determining whether to issue a stay, courts in this District generally consider three factors: (1) "the breadth of discovery sought"; (2) "the burden of responding to such discovery"; and (3) "the strength of the dispositive motion filed by the party seeking a stay." *Endure Industries, Inc., v. Vizient, Inc.,* 2021 WL 3771770, at *1 (N.D. Tex. Apr. 9, 2021).  Notably, there is no provision in the Federal Rules of Civil Procedure providing for an automatic stay of proceedings, including discovery, during the pendency of a Rule 12(b)(6) motion to dismiss. *See generally*, Fed. R. Civ. P. 12.  Indeed, "the issuance of [a] stay is by no means automatic," because a stay is the "exception rather than the rule." *Ford Motor Co. v. U.S. Auto Club, Motoring Div., Inc.*, 2008 WL 2038887, at *1 (N.D. Tex. Apr. 24, 2008).

## III.    ARGUMENT

There is no basis for a discovery stay after nearly two years of procedural gamesmanship. Defendants have avoided discovery for nearly two years and should not be permitted to continue to do so.  The more time that elapses, the harder it will be to prove Plaintiffs' and the Class's claims because "delay always gives rise to the risk of fading memories, lost or misplaced documents, changes in relevant personnel, new computer systems, and similar concerns about access to relevant evidence." *La Tisha Bowie v. Heritage Manor West, LLC*, 2024 WL 1908429, at *2 (W.D. La. Apr. 30, 2024).  This is especially true as Plaintiffs' claims are likely dependent

on data received and processed by Defendants—which are often subject to short retention periods—as well as evidence and testimony in possession of Defendants' personnel who may no longer be available or may have fading memories from the relevant time period given this ongoing delay. *See id.* While discovery *should have* commenced years ago, it must, at a minimum, commence now.

Defendants' claim that the transferor court's imposition of a discovery stay while evaluating *transfer* somehow has relevant here is entirely misplaced. *See Baker*, No. 1:22-cv-06924, ECF No. 20; *see also id.* ECF Nos. 27 (denying Defendants' motion to dismiss and finding that this case should be transferred to proceed); ECF Nos. 37-38 (transferring the case from the Northern District of Illinois to the Northern District of Texas). While it may have been appropriate for a court debating *transfer* to stay discovery, the same is not true now. Defendants are now in the forum they requested and have no further reason to suggest discovery should be further delayed.

Unsurprisingly, Defendants provide no support for this argument. The law is clear that the courts "ha[ve] broad discretion in all discovery matters, and such discretion will not be disturbed." *See Dominick v. Mayorkas*, 52 F.4th 992, 995 (5th Cir. 2022). In its discretion, the Court can and should find that a stay is unwarranted, given the two-years in which Defendants have evaded discovery, and in light of the strength of Plaintiffs' claims.

Defendants' remaining arguments fail to meet their burden supporting a stay:

***First***, Defendants ignore the fact that Plaintiffs will be clearly prejudiced by a stay of discovery that would continue the nearly two years' delay Defendants have imposed through litigation maneuvering. *See* ECF No. 72 at 4 (making the conclusory assertion that "there is no prejudice to Plaintiffs from a stay" without any further substantiation). There is a clear risk of destruction of evidence—which Defendants ignore entirely—including the risk that relevant data has been destroyed in the nearly two-year delay, that it will continue to be destroyed, and that personnel who would have key information may no longer be available.

**Second**, Defendants' motion to dismiss arguments are likely to be denied and represent an obvious misinterpretation of Texas' choice of law principles (Plaintiffs' Opposition to Defendants' Motion to Dismiss, ECF No. 75 ("Plaintiffs' Opposition") at 5-18)—as well as what is required to state a BIPA claim (*id.* at 18-24). Plaintiffs' Opposition makes clear that Defendants have no basis to seek dismissal, relying on either a flawed interpretation of choice of law (which demands Illinois law must apply here) or seek to impose an unheard-of standard for what is required to state a BIPA claim.

**Third**, Defendants fail to identify any undue burden or concrete expense they face if required to comply with the standard discovery imposed by the Federal Rules of Civil Procedure. *See* ECF No. 72 at 6-8 (outlining why the burden was undue in *other* cases and asserting, without further substantiation as to why it would be undue in a lawsuit of this magnitude, that Defendants seek to avoid "months of work and hundreds of thousands of dollars" in a discovery process). As discussed herein, the mere fact that discovery involves some work and expense does not warrant a stay. For these reasons, and the reasons stated herein, Defendants' Motion should be denied.

### A.    Plaintiffs Will Be Prejudiced by a Stay

The law is well-settled that a discovery stay is not automatically imposed upon the filing of a motion to dismiss. *See Escareno ex. Rel. A. E. v. Lundbeck, LLC*, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) ("Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved."). A stay is the "exception rather than the rule." *Ford Motor Co.*, 2008 WL 2038887, at *1. As the law makes clear, it is Defendants' burden—not Plaintiffs'—to demonstrate the need for a stay. *Venable's Constr., Inc.*, 2020 WL 11891326, at *2. Defendants do not meet this standard for the reasons specified herein.

Nevertheless, Defendants erroneously attempt to shift the burden to Plaintiffs, alleging that Plaintiffs cannot show a need for discovery at this stage. *See* ECF No. 72 at 9. This is wrong. This legally flawed argument ignores the prejudice Plaintiffs will face if discovery is stayed any further. Plaintiffs have been waiting to engage in discovery for two years and "further delay,

especially where [like here] Plaintiffs . . . allege on-going privacy violations, is clearly prejudicial to Plaintiffs' interests in a timely resolution of their claims." *In re iPhone Application Litig.*, 2011 WL 2149102, at *3 (N.D. Cal. May 31, 2011) (denying motion to stay). Plaintiffs face a near certain risk that that critical evidence related to their claims will be lost due to Defendants' ordinary data destruction policies, as well as personnel overturn and fading memories over the nearly two years in which Defendants have refused to engage in discovery.

###### B.    Defendants' Pending Motion to Dismiss Is Not Likely to Be Granted

Courts also consider the strength of pending, potentially dispositive motions when deciding whether to impose a stay. *See Endure Indus., Inc.*, 2021 WL 3771770, at *1. Here, Defendants' first motion to dismiss was denied. *See* ECF No. 27. And, for the reasons set forth in Plaintiffs' Opposition to Defendants' motion to dismiss, Defendants' second motion to dismiss is equally unavailing because Plaintiffs set forth a sufficient basis to support their BIPA claims. *See* ECF No. 75 at 18-24. Defendants rely on an inaccurate interpretation of the law to claim Texas law *must* apply without regard to the state's own choice of law principles. *See* MOL at 6-17. To the contrary, Texas choice of law principles demonstrate the opposite—Illinois law must apply—and, when applying Illinois law it is clear that Defendants have violated BIPA and must face the consequences for their wrongful interception, processing, and use of Plaintiffs' and Class members' biometric information. *See* ECF No. 75 at 5-18.

###### C.    Plaintiffs Discovery Requests Are Not Overly Broad or Unduly Burdensome

As stated above, the courts in this District consider the breadth and burden of discovery in determining whether or not to impose a discovery stay. Here, Defendants fail to establish that they would face an undue burden in responding to Plaintiffs' requests for production. Instead, Defendants allege in a conclusory manner that they face an anticipated undue burden of "months of work and hundreds of thousands of dollars [in expenses]." MOL at 8-9. This is meritless for at least three reasons.

*First*, even if one accepted these fabricated claims of costs and time as true, this is not an undue burden—it is typical of litigation. *See Valenzuela v. Crest-Mex Corp.*, 2017 WL 2778104,

at *5 (N.D. Tex. June 26, 2017) ("[T]he [603] discovery requests that Plaintiffs have served and the depositions that they seek are not so voluminous and do not present such an undue burden as the defendants make them out [and] . . . defendants' assertions—which 'only detail[ ] the usual inconveniences and costs that are associated with discovery practice'—'do not suffice to show hardship or inequity' or other good cause that would justify a stay of discovery[.]").

*Second*, and more importantly, such unsubstantiated claims (even if later proven enough to constitute *undue* burden) deserve *zero* merit given that their objection comes *before* any attempt to negotiate custodians and/or search terms.  While Defendants claim discovery will consist of "millions of pages of documents," (ECF No. 72 at 7) this is based on nothing more than their own speculation.  Defendants have not attempted to negotiate custodians and search terms.  Having failed to do so, they have no basis for suggesting discovery will require production of millions of pages of documents or hundreds of thousands of dollars in costs.  *See Fed. Trade Comm'n v. Educare Ctr. Servs.*, *Inc.*, 2019 WL 9516075, at *2 (W.D. Tex. Aug. 30, 2019) (finding that proponent of stay did "not establish[] its discovery obligations are unduly broad or burdensome" in part because "it provide[d] no support for th[e] claim" that "Plaintiffs' discovery request would result in tens of thousands of dollars in expenses"); *LeCroy v. Canon, U.S.A., Inc.*, 2021 WL 5284135, at *1-2 (N.D. Tex. Apr. 7, 2021) (denying a motion to stay where the proponents failed to show why the requested discovery would be unduly burdensome to provide).

*Third*, Defendants' reproduction of five of Plaintiffs' requests for production without providing any explanation for why the requests create any burden, does not carry the day.  *See* ECF No. 72 at 7.  On their face, these requests go to the heart of this case and are clearly tailored to the claims and defenses here.[2]  These requests bear directly on the elements of Plaintiffs' claims

---

[2] Defendants' Motion highlights Plaintiffs' Requests for Production ("RFP") Nos. 23, 26, 34, 36, 38.  RFP No. 23 seeks the information *sufficient to show* where and how many times the biometric information at issue was collected—information critical to determining whether a violation occurred in Illinois and how many violations occurred.  RFP No. 26 seeks standard information that will inform damages and any potential ability to pay analysis given the large liability Defendants face here.  RFP No. 34 seeks information about users' registration process which will, among other things, confirm the lack of disclosures provided to users and be relevant to any

under BIPA and seek specific information about Defendants—*i.e.*, the process for collecting biometric information, lack of consent, the total number of violations, and the revenues Defendants generated from their biometric collection practices.

To support their arguments, Defendants rely heavily on *Primesource Building Products, Inc. v. Lee Group International, Inc.*, No. 3:19-CV-02878-X, 2020 WL 6140462 (N.D. Tex. Aug. 12, 2020), but fail to note that the circumstances of that case were much different than those in the present case.  In *Primesource*, defendants had shown there was an undue burden based on a comparison of plaintiffs' request to the somewhat simplistic claims at issue.  The same is not true here, where the claims involve complicated technologies at issue, third parties, and ongoing violations.  Where the claims at issue in a pending motion to dismiss are sophisticated, a stay of discovery is inappropriate.  *See, e.g. Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, 2008 WL 2930482, at *2 (N.D. Tex. July 23, 2008) (denying defendant's motion to stay discovery where plaintiffs alleged "sophisticated" claims and the dispositive motion was not "clear cut" such that the magistrate judge could predict the eventual outcome with certainty).  Here, Plaintiffs' requests for production are appropriately tailored to the size and complexity of this action.

***Finally***, Defendants raise several issues regarding the scope of Plaintiffs' requests and related definitions.  *See* ECF No. 72 at 5-7 (raising questions about the scope of definitions and relevant time period).  These issues, however, do not serve as a basis to halt discovery altogether.  "There are remedies that Defendants can seek short of a full stay of discovery."  *Edge196 LLC v. Jointer, Inc*., 2021 WL 4027696, at *1 (S.D. Tex. Jan. 22, 2021) (denying the motion to stay discovery and encouraging the parties to meet and confer); *Clark v. Camber Corp.*, 2014 WL 12580451 (W.D. Tex. Aug. 26, 2014) (same).  To the extent Defendants take issue with particular requests, Plaintiffs are available to begin the meet and confer process to take steps to resolve these

---

potential consent defense that Defendants may raise.  The versions of the app requested in RFP No. 36 are necessary to confirm that the underlying technology did, in fact, collect biometric information.  Finally, RFP No. 38— concerning Defendants' collection of biometric information —is, on its face, directly relevant to the BIPA claims here.

preliminary issues.  Defendants cannot short-circuit this routine process and then, simultaneously, claim it is a basis to stall all discovery after nearly two years without any progress.

## IV.    CONCLUSION

For the foregoing reasons, Defendants have not met their burden and their Motion to Stay should be denied in its entirety.

DATED: May 8, 2024

*/s/ Carol C. Villegas*
Carol C. Villegas (admitted *pro hac vice*)
Michael P. Canty (admitted *pro hac vice*)
Danielle Izzo (admitted *pro hac vice*)
Gloria J. Medina (admitted *pro hac vice*)

**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel. (212) 907-0700
Fax (212) 818-0477
cvillegas@labaton.com
mcanty@labaton.com
dizzo@labaton.com
gmedina@labaton.com

Christian Levis (admitted *pro hac vice*)
Margaret Maclean (admitted *pro hac vice*)
Amanda Fiorilla (admitted *pro hac vice*)
**LOWEY DANNENBERG P.C.**
44 S. Broadway, Suite 1100
White Plains, NY 10601
Tel. (914) 997-0500
Fax (914) 997-0035
clevis@lowey.com
afiorilla@lowey.com
mmaclean@lowey.com

*Attorneys for Plaintiffs and the Proposed Class*